UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

MARTIN MARTINEZ,

    *Plaintiff,*

vs.

THE CITY OF WESLACO,

    *Defendant.*

Civil Action No. 7:12-cv-00417

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW MARTIN MARTINEZ, hereinafter the "Plaintiff," and for cause of action would show unto this Court the following:

### I.    PROCEDURAL HISTORY

1) On November 8, 2012, the claims of this Plaintiff were ordered severed from the co-

plaintiffs' claims originally filed in State District Court and thereafter removed to federal court by the Defendant on August 31, 2012. Plaintiff Martin Martinez was assigned a new cause number and assessed a filing fee to be paid by November 30, 2012. Included in the *Opinion and Order* of November 8, 2012, Plaintiff Martin Martinez must by November 30, 2012, amend and re-plead his claims as a separate and sole plaintiff, by amended complaint conforming to FRCP Rule 10 and the federal pleading standard therein cited[1], containing only factual allegations supporting his claims. In furtherance thereof, the Plaintiff files this, his *Second Amended Complaint* pursuant to this Court's *Opinion and Order* of November 8, 2012.

## II.  FACTUAL ALLEGATIONS COMMON TO CAUSES OF ACTION OF MARTIN MARTINEZ

2)  The Plaintiff is a former employee of the Defendant, THE CITY OF WESLACO, who worked for the City in excess of nine years at the time of his termination, on or about June 15, 2011. The Plaintiff is a Hispanic male, date of birth August 20, 1965, who suffered a serious leg injury while lifting and emptying trash containers as an employee of the City of the Weslaco. The Plaintiff's injury required medical attention; a workers' compensation claim was filed, and the Plaintiff was placed on leave under the Family

---

[1] The Order cites *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), analyzing the pleading standard under Federal Rule of Civil Procedure 8(a)(2): a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), at 555, but Rule 8 requires the plaintiff to show plausible factual allegations, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.

Medical Leave Act.

3) The Defendant, THE CITY OF WESLACO, is a municipality and the former employer of the Plaintiff, maintaining a sizeable staff of City employees in the State of Texas. The Defendant, as an employer, is covered by and as a municipality is not immune to suit for violations of any of the following statutes prohibiting discrimination: the Family Medical Leave Act[2], Title VII of the Civil Rights Act of 1964[3], the Age Discrimination in Employment Act[4], and the Americans with Disabilities Act as Amended[5].

4) For more than nine years, the Plaintiff was a highly regarded and trusted employee of the CITY OF WESLACO. The Plaintiff was assigned primarily to City Hall, with keys and access throughout that was shared only by himself, the City Manager, and the City Secretary. The Plaintiff provided myriad services from food and beverage service

---

[2] "FMLA" Effective August, 1993 (Pub.L. 103-3; 29 U.S.C. sec. 2601; 29 CFR 825). To care for a serious injury, an employer must take proactive steps to ensure a covered employee's restoration to the same position upon return to work. If the same position is unavailable, the employer must provide the worker with a position that is substantially equal in pay, benefits, and responsibility. A covered employee has protection from retaliation by an employer for exercising rights under the Act.

[3] Title VII National Origin (Hispanic) Discrimination codified at Subchapter VI of Chapter 21 of title 42 of the United States Code, prohibits discrimination by covered employers on the basis of race, color, religion, sex or national origin (see 42 U.S.C. § 2000e-2).

[4] Age Discrimination in Employment Act of 1967, Pub. L. No. 90-202Code, 29 U.S.C. § 621 through 29 U.S.C. § 634 (ADEA), forbids employment discrimination against anyone at least 40 years of age.

[5] The Americans with Disabilities Act of 1990 (ADA) *42 U.S.C. §§ 12111–12117* The ADA states that a *covered entity* shall not discriminate against *a qualified individual with a disability*. Discrimination may include, among other things, limiting or classifying a job applicant or employee in an adverse way, denying employment to opportunities to people who truly qualify, or not making reasonable accommodations to the known physical or mental limitations of disabled employees.

for city meetings, to custodial duties such as shampooing carpets and waxing floors, to making deliveries in city vehicles within Weslaco and between cities such as McAllen, to keeping vehicles fueled, clean and ready, to raising, lowering and storing flags, and the daily opening and closing City Hall.  The Plaintiff's duties included errands and visits from time to time to each of the primary locations of the City apart from City Hall, including the library, the museum, the airport, the civic center, the police department, and the fire department, all of which locations he was familiar with.

5)      The Plaintiff was further trusted with overseeing non-employees who often worked at odd jobs at City Hall.  Weslaco would make itself available to people satisfying community service obligations while on probation, as well as temporary Workforce Commission placements (older workers) assigned in conjunction with AARP, who performed such functions as shredding paper, removing trash, cleaning restrooms, and related jobs such as light cleaning, dusting and polishing.  The Plaintiff would assign such jobs to these individuals and supervise them, as he was deemed most familiar with the premises' needs and as there was overlap between the work he would normally do and work would assign to them.  In addition, jobs such as these were given to employees who needed temporary light duty assignments, who would work in conjunction with the Plaintiff.

6) On or about January 15, 2011, the Plaintiff was reassigned to Gibson Park, one of four City Parks operated by the CITY OF WESLACO. The Plaintiff had not asked to be reassigned and had enjoyed a good working relationship for many years with the personnel at City Hall. The Plaintiff understood that Gibson Park was previously staffed with two City employees, but when he assumed the position, he was the only employee assigned there.

7) The Plaintiff understood that one of the two former employees working at Gibson Park, Jose Eredia, was reassigned to the Plaintiff's former role at City Hall and that the other employee at Gibson Park was transferred to a different park. The Plaintiff was the only employee assigned to the Park.

8) On or about February 8, 2011, the Plaintiff was injured on the job while he was trying to dump trash from a large bin or drum into a disposal bag, a job better suited for two people working together. The Plaintiff twisted his leg and fell awkwardly, damaging the meniscus, which injury would ultimately require a surgical operation.

9) At the time of the injury, the CITY OF WESLACO took the steps of initiating a workers' compensation claim, and placing the Plaintiff on FMLA leave after three days. Despite continuous communication and effort on the part of the Plaintiff as described below, he was never placed on light duty and was terminated June, 2011, for the reason

that he exhausted his FMLA leave.

### III.   ACTIONABLE DISCRIMINATION AGAINST MARTIN MARTINEZ

10)   The Plaintiff realleges Paragraphs 1-9 and alleges further that the CITY OF WESLACO avoided returning the Plaintiff to work.  The Plaintiff would not have been terminable for exhausting his FMLA leave if he had been returned to work on light duty. Discoverable documentation will demonstrate that the Plaintiff was released with restrictions to work on light duty as early as March 2011, with even fewer restrictions at a later date, well before the expiration of his FMLA leave, but the CITY OF WESLACO took the position that it did not have any suitable light duty work.

11)   The Plaintiff realleges Paragraphs 1-10 and alleges further that the CITY OF WESLACO had knowledge of the Plaintiff's progressing condition because he met with personnel in the Human Resources department biweekly after his regular exams, and he supplied them with work status reports.  In these meetings the Plaintiff emphatically expressed interest in light duty assignments at various locations similar to his nine years of work before he was transferred to the Parks department.  The Plaintiff alleges that in his meetings with personnel in the Human Resources department biweekly, no one engaged in the interactive process to accommodate his return to work or proactively discuss the limitations placed on him by his physician.

12) The Plaintiff realleges Paragraphs 1-11 and alleges further that light duty assignments are easily found to exist, when the CITY OF WESLACO is inclined to grant them. The Plaintiff is well aware from his prior experience that so many light duty jobs abound that non-employees are routinely given the opportunity to work at City Hall and other locations, as has been alleged in Paragraph 5. Additionally, the Plaintiff alleges that Ramon Arispe, among others, was previously given light duty assignments at City Hall.

13) The Plaintiff realleges Paragraphs 1-12 and alleges further during the time that he was prevented from returning to work, he would have been able to perform the majority, if not all of the daily functions he performed before he was transferred to the Parks department. The Plaintiff alleges that at various times, at two people performed the jobs at City Hall that his replacement was performing alone, and that assigning him to that or a different location would not have displaced another worker.

14) The Plaintiff realleges Paragraphs 1-13 and alleges further that he was regarded as having a disability by reason of his serious injury, and that it is indisputable that the Plaintiff was on FMLA leave. The Family Medical Leave Act and the Americans with Disabilities Act as Amended place affirmative obligations on the employer, unmet here, respectively to return an employee from leave back to work, and to accommodate a serious physical impairment. Both statutes prevent discrimination against a covered

employee in the form of avoidance or different treatment relative to other employees. The Defendant is a large employer with numerous sites, certainly able to return a long term employee to work. The fact that the Plaintiff was transferred demonstrates he was not regarded as capable of only one type of work.

15) The Plaintiff realleges Paragraphs 1-14 and alleges further that to the extent his esteem and rights relative to the efforts to retain employment of other long term employees were discounted because of stereotypes about his age, over 40, and national origin, Hispanic, contributing to his treatment and termination, alone or in combination with his FMLA status and physical disability, the Plaintiff has exhausted administrative remedies necessary to recover for such discrimination prior to filing suit. The Plaintiff reserves through discovery of records in the possession of the Defendant further allegations and evidence of age and national origin discrimination.

16) The Plaintiff further seeks an Order of this Court compelling the hiring or reinstating of the Plaintiff, with backpay, and restoring to him all of the benefits and increases in salary to which he would have been entitled had the Defendant not discriminated against him. As an alternative to reinstatement, the Plaintiff seeks front pay. The Plaintiff seeks all actual and compensatory damages within the jurisdictional limits of this court, which are unliquidated, continuing and not readily subject to calculation, to which he may be entitled under the law. The Plaintiff also seeks recovery

of his reasonable and necessary attorneys and experts' fees and expenses. The Plaintiff further seeks any recovery of any allowable punitive or exemplary damages from this or any joined Defendant in an amount to be determined entirely by the discretion of the jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff demands a trial by jury and respectfully pray for the following relief from the Defendant, as determined by this Court:

1) All reasonable damages incurred by the Plaintiff as a result of the violations complained of;

2) Equitable relief available including but not limited to reinstatement;

3) injunctive relief;

4) All attorney fees, costs, expenses and other relief for which the Plaintiff is entitled.

        Respectfully submitted,

        **By:/s/** *David R. Joe*
        David R. Joe
        Texas Bar No. 24003872
        Federal ID No. 34002
        ANTHONY & MIDDLEBROOK, P.C.
        1702 E. Tyler Street, Suite 1
        Harlingen, TX, 78550
        Office: (956) 428-5500
        Fax: (956) 428-5518
        ATTORNEY-IN-CHARGE
        FOR PLAINTIFF MARTIN MARTINEZ

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the Attorneys of Record of all parties to the above cause via CM/ECF, on the 14th day of November, 2012, as follows:

RICARDO J. NAVARRO
ROBERT DRINKARD
DENTON NAVARRO ROCHA & BERNAL, P.C.
701 East Harrison, Suite 100
Harlingen, Texas, 78550
ATTORNEY FOR DEFENDANT

By:/s/ *David R. Joe*
**DAVID R. JOE**